UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIBERATO BENAVIDES-DURAN,<br><br>                Petitioner,<br><br>    v.<br><br>NATHALIE ASHER,<br><br>                Respondent. | NO.  C12-913-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking either supervised release or a bond hearing. (Dkt. 7.) Respondent has filed a return and motion to dismiss, arguing that petitioner received a *Casas* bond hearing before an Immigration Judge, who ordered that petitioner remain detained without bond. (Dkt. 11.) Respondent asserts that because petitioner has received all of the benefits of due process to which he is entitled, his habeas petition should be dismissed.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on February 13, 2006. (Administrative Record ("AR") at L236-37.) On October 28, 2010, he was convicted in the Superior Court of Washington for Pierce County for the offense of second degree assault and was sentenced to 15 months imprisonment. (AR L21-31.)

On December 6, 2010, ICE served petitioner with a Notice to Appear, charging him as removable from the United States under 8 U.S.C. § 1227(a)(2)(A)(i), for having committed a crime involving moral turpitude, and under 8 U.S.C. § 1227(a)(2)(A)(iii), for having committed an aggravated felony. (AR L9-11.) While still incarcerated at the Washington Corrections Center in Shelton, Washington, petitioner appeared for removal proceedings before an Immigration Judge ("IJ"). On October 6, 2011, the IJ denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed from the United States to Mexico. (AR L208.) Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (AR L221-23.)

On or about December 20, 2011, petitioner was transferred from state prison to ICE custody and detained without bond pursuant to 8 U.S.C. § 1226(c). (AR L215.) On April 13, 2012, the BIA dismissed petitioner's appeal. (Dkt. 11, Ex. A.) Petitioner then filed a petition for review of the BIA's decision with the Ninth Circuit along with a request for a stay of removal. (AR L228.) Pursuant to Ninth Circuit General Order 6.4(c)(1), this triggered an automatic stay of removal.

On May 8, 2012, petitioner was provided with a bond redetermination hearing pursuant to *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). The IJ ordered petitioner's bond to remain at "no bond." (AR L240.) Petitioner reserved appeal but did not

REPORT AND RECOMMENDATION - 2

Case 2:12-cv-00913-RSM   Document 14   Filed 09/17/12   Page 3 of 4

1  appeal the IJ's bond decision with the BIA.  Instead, petitioner filed a motion to reconsider the
2  IJ's bond determination.  (AR L241-43.)  On May 13, 2012, the IJ issued an order denying
3  petitioner's motion for bond redetermination, noting "no materially changed circumstances.  8
4  C.F.R. § 1003.19(e)."  (Dkt. 11, Ex. B.)  On May 24, 2012, petitioner filed the instant habeas
5  petition, challenging the lawfulness of his continued detention.  On July 16, 2012, respondent
6  filed a return and motion to dismiss.  (Dkt. 11.)  Petitioner did not file a response.

### III. DISCUSSION

In *Casas-Castrillon*, the Ninth Circuit held that aliens facing prolonged detention while their petitions for review are pending are entitled to a bond hearing before a neutral immigration judge and are entitled to be released from detention unless the government establishes they pose a flight risk or a danger to the community.  *See Casas-Castrillon*, 535 F.3d at 951; *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Diouf v. Mukasey*, 634 F.3d 1081, 1085-86 (9th Cir. 20011) (extending *Casas-Castrillon* to aliens detained under 8 U.S.C. § 1231).  The Ninth Circuit further held that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond at a *Casas* hearing."  *Singh*, 638 F.3d at 1203.

Here, the record shows that on May 8, 2012, petitioner received a *Casas* bond hearing before an IJ, who determined that petitioner remain detained with "no bond."  (AR L240.)  Further, on May 13, 2012, the IJ determined there was insufficient basis to redetermine petitioner's bond.  (Dkt. 11, Ex. B.)  Because petitioner was afforded a *Casas* bond hearing before an IJ, he has received all of the benefits of due process he is entitled.  *See Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*,

REPORT AND RECOMMENDATION - 3

548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing).  As there is no other relief the Court can provide, petitioner's habeas petition is moot and should be dismissed. *See id.*

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus (Dkt. 7) be DENIED, respondent's motion to dismiss (Dkt. 11) be GRANTED, and this matter be DISMISSED with prejudice.

DATED this 17th day of September, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge