1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIBERATO BENAVIDES-DURAN<br><br>Plaintiff,<br><br>v.<br><br>NATHALIE R. ASHER, ICE FIELD OFFICE DIRECTOR<br><br>Respondent. | CASE NO. C12-913 RSM<br><br>ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING WRIT OF HABEAS CORPUS PETITION |

## I.    SUMMARY

Petitioner proceeding *pro se* and *in forma pauperis* has filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. 2241, challenging the lawfulness of his continued detention by the

United States Immigration and Customs Enforcement ("ICE"), and seeking either supervised

release or a bond hearing. Dkt. # 7. The government asserts that because Petitioner has received

a bond hearing before an Immigration Judge ("IJ"), he has also received all of the benefits of due

process to which he is entitled, and therefore his habeas petition should be dismissed. Dkt. # 11.

Magistrate Judge James P. Donohue recommends denying Petitioner's habeas petition, granting

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 1

1   Respondent's motion to dismiss, and dismissing this matter with prejudice. Dkt. #14. This Court

2   respectfully disagrees and declines to adopt the Report and Recommendation. For the reasons

3   expressed in this Order, this Court grants the writ of habeas corpus, unless within 30 days of this

4   Order, (1) Petitioner is provided with a new *Casas* hearing applying the standards set forth in this

5   Order, or (2) Respondent can establish that the *Casas* hearing that took place on May 8, 2012

6   complied with such standards by providing the Court with a contemporaneous record of the

7   hearing.

8                              **II.    BACKGROUND**

9          Petitioner is a native and citizen of Mexico who was admitted to the United States as a

10   lawful permanent resident on February 13, 2006. (Administrative Record ("AR") at L236-37).

11   On October 28, 2010, Petitioner submitted an Alford Plea[1] to the charge of assault in the second

12   degree, was convicted in the Superior Court of Washington for Pierce County, and sentenced to

13   15 months imprisonment. AR L21-31. On December 3, 2010, ICE served Petitioner with a

14   Notice to Appear, charging him as removable from the United States under 8 U.S.C. §

15   1227(a)(2)(A)(i), for having committed a crime involving moral turpitude, and under 8 U.S.C. §

16   1227(a)(2)(A)(iii), for having committed an aggravated felony. AR L9-11. While still

17   incarcerated at the Washington Corrections Center in Shelton, Washington, Petitioner appeared

18   for removal proceedings before an Immigration Judge. On October 26, 2011, the IJ denied

19   Petitioner's applications for asylum, withholding of removal, and relief under the Convention

20   Against Torture, and ordered him removed from the United States to Mexico. AR L208.

21   Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). AR

22

23 ─────────────────────────

24          [1] Petitioner pled guilty but maintained his innocence. *See North Carolina v. Alford*, 400
   U.S. 25 (1970).

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 2

1    L221-23. On or about December 20, 2011, Petitioner was transferred from state prison to ICE

2    custody and detained without bond pursuant to 8 U.S.C. § 1226(c). AR L215. On April 13, 2012,

3    the BIA dismissed Petitioner's appeal. Dkt. # 11, Ex. A. Petitioner then filed a petition for

4    review ("PFR") of the BIA's decision with the Ninth Circuit along with a request for a stay of

5    removal. AR L228. Pursuant to Ninth Circuit General Order 6.4(c)(1), this triggered an

6    automatic stay of removal. Petitioner then became detainable under 8 U.S.C. § 1226(a). On May

7    8, 2012, Petitioner was provided with a bond redetermination hearing pursuant to *Casas-*

8    *Castrillon v. Dep't of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). The IJ ordered

9    Petitioner's bond to remain at "no bond." AR L240. Petitioner reserved appeal but did not appeal

10   the IJ's bond decision with the BIA. Instead, Petitioner filed a motion to reconsider the IJ's bond

11   determination. AR L241-43. On May 13, 2012, the IJ issued an order denying Petitioner's

12   motion for bond redetermination, noting "no materially changed circumstances. 8 C.F.R. §

13   1003.19(e)." Dkt. # 11, Ex. B. On May 24, 2012, Petitioner filed the instant habeas petition,

14   challenging the lawfulness of his continued detention. On July 16, 2012, Respondent filed a

15   return and motion to dismiss. Dkt. # 11. Petitioner did not file a response.

16                                    **III.    JURISDICTION**

17           Petitioner challenges the constitutionality of his bond determination hearing. The Court

18   has habeas jurisdiction under 28 U.S.C. 2241(a) to review such hearings for constitutional claims

19   of legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

20           Petitioner reserved the right to appeal the IJ's bond decision which was due by June 7,

21   2012. AR L240. Petitioner, however, did not appeal the IJ's bond decision with the BIA, which

22   means he has not exhausted his administrative remedies. Nonetheless, "[o]n habeas review under

23   § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh*, 638 F.3d at1203

24

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 3

1   n.3 (internal citations omitted). In the interests of justice, this Court will exercise its discretion to

2   waive the exhaustion requirement.[2]

3                                           **IV.   DISCUSSION**

4           It is helpful to first determine under what authority Petitioner is currently being detained.

5   Petitioner was charged with being removable for having committed a crime involving moral

6   turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), and for having committed an aggravated felony

7   under 8 U.S.C. § 1227(a)(2)(A)(iii), making him removable from the United States under 8

8   U.S.C. § 1226(c) ("[t]he Attorney General *shall* take into custody any alien who ... is deportable

9   by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), ....")

10  (emphasis added). Nonetheless, the Attorney General's authority to detain Petitioner shifted from

11  Section 8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a) after he filed a PFR with the Ninth Circuit

12  Court of Appeals. (…an alien *may* be arrested and detained pending a decision on whether the

13  alien is to be removed from the United States.) (emphasis added). Therefore, Petitioner is

14  detained under § 1226(a) until he enters his removal period, which would occur only after the

15  Court of Appeals rejects his final petition for review. *Casas–Castrillon*, 535 F.3d at 948. Statutes

16  governing removal and detention of immigrants are usually not a notable example of

17  intelligibility, but in this case it is clear that Petitioner's detention is permissible, not mandatory.

18          Having determined that the government's authority to detain Petitioner falls under §

19  1226(a), the Court now turns to the question of whether Petitioner is entitled to habeas corpus

20  ────────────────

21  [2] This Court decided to waive the exhaustion requirement after analyzing the elements courts
    consider when determining the need for prudential exhaustion as described in *Puga v. Chertoff*,

22  488 F.3d 812, 815 (9th Cir.2007). The Court finds that (1) the BIA record and expertise on this
    issue is not necessary to generate a proper record and reach a proper decision, (2) this waiver will

23  not encourage future habeas petitioners to attempt to bypass administrative review due to the
    specificity of the question presented, and (3) a review of this issue by the BIA would not

24  preclude the need for judicial review.

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 4

1  relief. Petitioner contends that his due process rights were violated and moves the Court to order

2  the IJ to conduct "a bond hearing where individual factors are considered". Dkt. # 7 at 1. In

3  response, the government argues that "[b]ecause petitioner was given a *Casas* bond hearing,

4  before a neutral arbitrator, the requirements of due process have been met and the case is moot."

5  Dkt. # 11 at 5. While Petitioner did receive a *Casas* bond hearing before an Immigration Judge

6  on May 8, 2012, the mere fact that the hearing took place does not compel a finding that it

7  complied with due process requirements.

8       It is well established that the Fifth Amendment entitles immigrants to due process of law

9  in removal proceedings. *Reno v. Flores,* 507 U.S. 292, 306 (1993) (internal citation omitted).

10  The Ninth Circuit Court of Appeals has held that immigrants facing prolonged detention are

11  entitled to a bond hearing to establish whether their release would pose a danger to the

12  community or a flight risk. *Casas–Castrillon,* 535 F.3d at 944. In *Singh*, 638 F.3d 1196, the

13  Court established certain procedures that must be followed in those hearings to comport with due

14  process: (1) the Immigration Judge must place the burden of proof on the government; (2) the

15  government must prove by clear and convincing evidence that continued detention is justified;

16  (3) the immigrant's criminal history alone may be insufficient to meet the dangerousness

17  standard that must be met to deny bond and justify detention; and (4) the government must

18  provide contemporaneous records of *Casas* hearings. The Court will now address each of those

19  elements.

20       *1.  Burden of proof*

21       "The burden of establishing whether detention is justified falls on the government."

22  *Singh*, 638 F.3d at 1203; *Casas–Castrillon,* 535 F.3d at 951 ("[A]n alien is entitled to release on

23  bond unless the 'government establishes that he is a flight risk or will be a danger to the

24

1  community.' " (quoting *Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005)). Here, the

2  government filed a non-opposition motion for a *Casas* bond hearing arguing that the Petitioner

3  "poses a significant danger to the community and poses a significant risk of flight." AR L252.

4  This Court was not provided with a transcript of the *Casas* hearing that took place on May 8,

5  2012. Instead, the only Immigration Court record of the *Casas* hearing the Court was provided is

6  the Custody Order of the Immigration Judge stating that the request for a change in custody

7  status be denied and bond remain at "no bond".[3] AR L240. Due to the lack of a real-time record

8  of the hearing, it is impossible to access whether the IJ properly placed the burden of proof on

9  the government.

10        2. *Standard of proof*

11        Given the substantial liberty interest at stake, the government must prove by clear and

12  convincing evidence that an immigrant is a flight risk or a danger to the community to justify

13  denial of bond at a *Casas* hearing. *Singh*, 638 F.3d at 1203. Once again, the Court cannot review

14  the Immigration Judge's findings regarding Petitioner's dangerousness and flight risk, as the

15  Court was not provided with a real-time record of the *Casas* hearing.  Even though the

16  government in its motion asserts that Petitioner is a flight risk and dangerous to the community,

17  it does not appear from the available record that the government presented any evidence to that

18  effect at the *Casas* hearing. As to the probable argument that Petitioner is a flight risk because he

19  has been ordered removed by a final, administrative order, that alone does not constitute clear

20

21  ——————————

22        [3] The Court was provided with a one page form called Custody Order of the Immigration
   Judge, dated May 8, 2012, and signed by IJ Thomas J. Mulligan. The IJ checked the box
23  ordering that Petitioner's request for a change in custody be denied and handwrote that bond
   should remain at "no bond." No analysis or other information as to how the IJ arrived at such
24  determination was provided.

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 6

1    and convincing evidence that Petitioner presented a flight risk justifying denial of bond. *Id*. at

2    1205.

3         *3. Dangerousness standard*

4         The purpose of an individualized *Casas* bond hearing is to ensure that the government's

5    interest in detaining the immigrant and protecting the community from danger is actually served

6    by detention. *Id* at 1206. Because not all criminal convictions necessarily rise to the level of

7    dangerousness needed to justify detention, immigration judges should consider the immigrant's

8    criminal record in depth, including extensiveness, seriousness, and recency of such activity when

9    assessing dangerousness. *Id* at 1206. *Cf. Foucha,* 504 U.S. 71, 82–83 (requiring a showing of

10   dangerousness beyond that "of any convicted criminal" to justify civil detention of the criminally

11   insane). Criminal history alone does not always justify detention; after all, every criminal

12   immigrant who receives a Casas hearing has in all likelihood been convicted of a crime giving

13   rise to the removal order. *Singh*, 638 F.3d at 1206.

14        Here, Petitioner allegedly brandished a knife during a fight (AR L231) and pled guilty to

15   the charge of assault in the second degree while maintaining his innocence. As he puts it, "I am

16   not admitting that I committed this offense, however, there is a substantial likelihood that I

17   would be convicted and face a more serious sentence. I want to take advantage of the [S]tate's

18   offer and enter a plea of guilty." AR L34. Petitioner is twenty years old and has no other criminal

19   history other than the offense that triggered the present immigration case. AR L242.

20   Consequently, without a contemporaneous record of the *Casas* hearing, there are not enough

21   facts to support the IJ's conclusion that Petitioner is a flight risk and a danger to the community

22   under *Singh*.

23        *4. Records*

24

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 7

1      Finding that post hoc memorandum following a bond determination hearing is

2 inadequate, the Ninth Circuit Court of Appeals held that due process requires a contemporaneous

3 record of such hearings, which could, for example, be satisfied by transcript or oral recording.

4 *Singh*, 638 F.3d at 1208-09. Based on Petitioner's A file and the record provided in this case,

5 there is no transcript, or other adequate substitute, of Petitioner's *Casas* hearing that would

6 provide for meaningful review. Absent such record, this Court finds that Petitioner was denied

7 his due process rights as established in *Singh*.

8                       **V.   CONCLUSION**

9      Accordingly, the Court, having reviewed Petitioner's writ of habeas corpus (Dkt. # 7),

10 Respondent's motion to dismiss (Dkt. # 11), the Report and Recommendation of the Honorable

11 James P. Donohue, United States Magistrate Judge, (Dkt. # 14)  and the remaining record, does

12 hereby find and **ORDER**:

13        1.      The Report and Recommendation from United States Magistrate Judge James P.

14                Donohue is DECLINED.

15        2.      Petitioner's Writ of Habeas Corpus (Dkt. # 7) is GRANTED unless within 30

16                days of this Order, (1) Petitioner is provided with a new *Casas* hearing applying

17                the standards set forth in this Order under *Singh,* 638 F.3d 1196 or (2)

18                Respondents can establish that the *Casas* hearing that took place on May 8, 2012

19                complied with such standards by providing the Court with contemporaneous

20                record of the hearing.

21        3.      Respondent's Motion to Dismiss (Dkt. # 11) is DENIED.

22    //

23    //

24

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 8

1    4.    The Clerk shall send copies of this Order to Petitioner and to the Honorable James

2          P. Donohue.

3

4    DATED this 9th day of November 2012.

5

6

7          RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
GRANTING WRIT OF HABEAS CORPUS PETITION - 9